472 P.2d 44

SCHOOL DISTRICT NUMBER ONE OF PIMA COUNTY, Arizona, Appellant,

v.

Russell HASTINGS, Appellee.

No. 10040–PR.

Supreme Court of Arizona, In Banc.

July 15, 1970.

Rehearing Denied Sept. 15, 1970.

Rose S. Silver, County Atty., Pima County, by Lawrence Ollason, Special Deputy County Atty., Tucson, for appellant.

Miller, Pitt & Feldman, by David J. Leonard, Tucson, for appellee.

STRUCKMEYER, Vice Chief Justice.

This action was brought in the Superior Court of Pima County by Russell Hastings, an architect, as plaintiff against School District No. 1 of Pima County, seeking payment for architectural services performed on behalf of the School District. The Superior Court rendered a judgment in the amount of $11,284.18 against the District and the District appealed. The Court of Appeals, Division Two, reversed, one judge dissenting, 11 Ariz.App. 522, 466 P. 2d 395. We accepted review. Opinion of the Court of Appeals vacated.

While the record is extensive, even to the point of massive, it may be reduced to these simple facts. In 1965 the School District contemplated constructing a building to be known as the Irene Erickson Elementary School, and on January 17, 1966 entered into a contract with Hastings engaging his services as an architect for the proposed project. Some time shortly thereafter, the School District adopted its annual budget, budgeting $472,000.00 as the amount to be spent for the school building. Hastings became aware at least as early as April 18, 1966 of the amount available. Thereafter, the plans and specifications were drawn and let for bid, and on January 11, 1967 the bids were opened. The low bid was $658,647.00. All bids were rejected, and on August 23, 1967 a bid of $505,050.00 on revised plans and specifications was received and accepted. The cost of the building eventually was $500,915.00.

Hastings computes his architectural commission on the basis of four percent of $658,647.00, whereas the District computes his commission on $500,915.00, the actual cost. Hence, the question presented is whether the trial court erred in entering

judgment in favor of Hastings for the difference between four percent of $658,647.00 and four percent of $500,915.00. There is also a question involving $3,599.31, the amount billed by the architect to the School District for extra services. This arises from the fact that after rejection of the $658,647.00 bid, Hastings was directed to revise the drawings. At that time Hastings advised the School District that the revision would be made *pursuant to the written contract between the parties which authorizes payment to the architect for extra services.*

The statute A.R.S. Title 34 controls the construction of public buildings and improvements in Arizona. By § 34–104 the State has prescribed the compensation which the State or any of its political subdivisions may lawfully pay an architect. Section 34–104 provides [1] that an architect shall execute a contract to prepare working drawings and details and specifications for a proposed project and his compensation shall be for complete working drawings, specifications and details a commission not to exceed four percent of the actual or proposed cost.

Hastings relies upon those parts of Paragraphs C2 and C3 of his contract with the School District, providing respectively:

"If the Architect is caused extra drafting or other expenses due to changes ordered by the Owner * * * he shall be equitably paid for such extra expenses and the services involved."

"For complete working drawings, specifications and details, a commission not to exceed four per cent of the actual or proposed cost * * *. This commission shall be based on the lowest bona fide bid or bids."

Hastings' reliance upon the terms of the contract between himself and the School District is misplaced. The State has a right to regulate and control contracts and the Constitution and laws of the State are a part of every contract. Yeazell v. Copins, 98 Ariz. 109, 402 P.2d 541; American Federation of Labor v. American Sash & Door Co., 67 Ariz. 20, 189 P.2d 912, affirmed 355 U.S. 538, 69 S.Ct. 258, 93 L.Ed. 222, 6 A.L.R.2d 481. Where a contract is incompatable with the statute, the statute must, of course, govern. In the case of architectural fees which can be paid by

---

1. "34–104 Contract with architect

A. The architect employed shall execute with the agent a contract to prepare working drawings and details and specifications for the proposed project, and to supervise its construction, unless the agent does not employ the architect to supervise the work.

B. The compensation of the architect shall be:

1. For preliminary sketches and tentative design, a specified amount, or a commission not to exceed one and one-half per cent of the proposed cost of the project, which shall be deducted from any subsequent commission if further employment is agreed upon.

2. For complete working drawings, specifications and details, a commission not to exceed four per cent of the actual or proposed cost, which shall include payments previously made for preliminary sketches.

3. For supervision of construction, if the architect is employed for that purpose,

a commission not to exceed two per cent of the actual cost of the work.

4. If the architect provides engineering or other additional services beyond his basic architectural services or has reimbursable expenses, and when special arrangement has been made in advance therefor, he may in addition be reimbursed for such additional services or expense as the agent may approve.

C. If in the agent's judgment a satisfactory proposal is not received for construction of the project completely finished in accordance with the accepted plans and specifications, then the architect shall revise the scope or quality of the project, or both, as necessary to obtain a satisfactory proposal to construct the project.

D. If the proposed project is abandoned or suspended for a period of more than one hundred eighty days through no fault of the architect, he shall be compensated upon the percentage provided for in this section. As amended Laws 1965, Ch. 67, § 1."

public agencies in Arizona the limits are fixed by legislative fiat.

 Hastings' position that the measure of value of the architect's service is the lowest bid on the first set of working drawings rather than the later set upon which the work was ultimately let is contrary to the plain intent of the statute, A.R.S. § 34–104. By subsection C of § 34–104, if a satisfactory proposal is not received for the construction of a project in accordance with the accepted plans and specifications, the architect must make such revision of the scope or quality of the work as is necessary to obtain a satisfactory proposal. It is accordingly the architect's duty under the statute to provide a continuing service in the form of drawings, specifications and details until a proposal is received satisfactory to the public agency. The statute does not provide for the allowance of additional compensation for such revisions. All working drawings, specifications and details must be completed for the compensation permitted by A.R.S. § 34–104, subsec. B, par. 2, and may not exceed four percent of either the actual or proposed cost.

 The only additional compensation an architect may receive is that authorized by § 34–104, subsec. B, par. 4, for engineering or other similar services beyond basic architectural services. Hastings' suggestion that the revisions undertaken by him after the rejection of the bid on January 11, 1967 are services within the contemplation of subsection B, par. 4 does not square with the language of the statute. The services rendered to the District by Hastings were basic architectural services. Nor does the evidence support the theory that the proposed work was abandoned or suspended for more than 180 days so as to justify compensation under § 34–104, subsec. D. Cf. Guirey, Srnka & Arnold, Architects v. City of Phoenix, 9 Ariz.App. 70, 449 P.2d 306. The School District well within the 180 days period directed Hastings to proceed with the drafting of revised plans.

Judgment of the court below is reversed with direction to enter judgment in favor of School District No. 1 of Pima County in accordance with this decision.

LOCKWOOD, C. J., and UDALL, McFARLAND and HAYS, JJ., concur.